## In re LUNDQUIST.

### Patent Appeal No. 2847.

Court of Customs and Patent Appeals.

Feb. 1, 1932.

Clarence D. Kerr, of New York City, C. L. Redfield, of Chicago, Ill., and E. C. Sanborn, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed his application in the United States Patent Office on March 16, 1925, for a patent on an improvement in safes. Certain claims in his application were allowed by the examiner, and claims 13 to 18 inclusive thereof were denied. On appeal to the Board of Appeals the decision of the examiner was sustained, and appellant has brought the matter to this court for review. The refused claims naturally divide themselves into two classes, of which claims 13 and 16 are illustrative, and are as follows:

"13. In a temporary safe, a receptacle provided with a channel thru which valuables may be inserted but not withdrawn and an opening thru which they may be withdrawn after being inserted, a door serving to close said opening, and door locking means provided with dual control part of which control consists of a lock operable by a key the key removable from the door after being locked."

"16. In a temporary safe, a receptacle provided with a channel through which valuables may be inserted but not withdrawn and an opening through which they may be withdrawn after being inserted, a door serving to close said opening, a heavy device for holding the door in closed position, and dual control for holding said heavy device against release, one part of said dual control consisting of a lock operable by a key."

The references relied upon by the Board of Appeals were:

Poland et al., 1,607,361, November 16, 1926.

Ehrlich, 1,416,179, May 16, 1922.

Aschwanden (Swiss), 63,515, January 13, 1913.

Appellant's device consists of a money receptacle to be used in service stations and similar places where burglaries are apt to occur. In the form shown by his drawings he shows a circular metal safe with a slot in the side for the insertion of money, and with a removable top, which top is circular in form and is manually engaged with the top of the safe. When this top is inserted in the safe and manually rotated, lugs on the sides of the top engage in recesses in the sides of the safe and thus hold the top against removal when locked. The top is locked in place by means of a bolt which is operated by two key locks.

The object of the invention is to obtain a receptacle into which money can be placed and which will require two keys to open it, one key being customarily kept in the service station or location of the safe, and the other kept in some other place. This method, it is said, secures the contents of the safe against burglary, and it is claimed the device has been successful commercially.

The principal claim of the appellant to invention in his device rests in the feature of two locks operable by keys. In rejecting the claims as to this feature, the Board of Appeals relied particularly upon the reference Poland and West. Poland and West discloses a similar safe, having a slot for the insertion of money and having two locks for the door of the safe. While Poland and West, in the drawings, illustrates two combination locks upon this door, in the specification we find the following language: "An object of the invention is to provide a safe with a door and to control the opening of the door by means of multiple and independent locks, each having separate controlling devices, as combination sets, so that the door cannot be opened through the usual means of the lock mechanism, except by the release of the locks by properly authorized persons, each being provided with the necessary key or combination to the exclusion of others for his respective lock. In other words it is an object to provide a safe having a door with multiple locks so that, ·while the immediate attendant of the safe may be in possession of *a key* or combination for one of the locks, he cannot open the door without the presence of a properly authorized person, as an auditor or collector having a knowledge of the combination, for the other lock in the door." (Italics ours.)

Again this specification recites that ·the door is provided with a plurality of bolts "separately operative by a suitable form of lock structure, indicated diagrammatically at 21, each lock structure being controlled by a separate key or preferably, combination.
* * * "

■ We are of opinion that the Poland and West reference fully anticipates the lock feature of appellant's refused claims. In so far as the primary locking device, consisting of lugs and recesses, is concerned, that feature is found in the reference Ehrlich.

■ It is argued that the bayonet lock bolts shown in Poland and West would not be operable by keys, because of their size. If this were true, we are of opinion no invention would lie in constructing the said bolts and keys of such sizes as to make them so operable.

We are of opinion that the Board of Appeals properly rejected claims 13 to 18, inclusive, and its decision is affirmed.

Affirmed.